## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

CLAUDE TOWNSEND,

              Plaintiff,

v.

NJ TRANSIT,

              Defendant.

Civil Action No. 11-cv-6492

MEMORANDUM AND ORDER

This matter is before the Court on Defendant, New Jersey Transit's motion to dismiss Plaintiff's complaint (docket entry 14), and Plaintiff's motion to vacate the Court's February 7, 2012 Order and to enter default (docket entry 12).

Plaintiff's present claims appear to be identical to those claims set forth in docket number 09-cv-1832.[1] As Plaintiff is appearing pro se, "[w]e must accept all factual allegations in the Complaint as true, construe the complaint in the light favorable to the plaintiff, and ultimately determine whether plaintiff may be entitled to relief under any reasonable reading of the complaint." *Mayer v. Belichick*, 605 F. 3d 223, 229 (3d Cir. 2010). After viewing all factual allegations in the Complaint as true, and after construing Plaintiff's claims more liberally due to his pro se status, relitigation is barred under the doctrine of res judicata or claim preclusion. See *United States v. Athlone Industries, Inc.*, 746 F.2d 977, 983 n.4 (3d Cir. 1984). In the case cited, the third circuit equated claim preclusion with res judicata by stating that it is "the preclusive effect of a judgment in foreclosing relitigation of the same causes of action," and likened issue preclusion to collateral estoppel by concluding that it is "the effect [*3] of a judgment in foreclosing relitigation of a matter that has been litigated and decided". *Id*. Here, Plaintiff appeared in another action before this Court,

---

[1]      In the initial case, there were claims about the National Labor Relations Act and various United Nations treaties, but these claims are not part of the complaint in the instant matter.

*Townsend v. New Jersey Transit*, Civil Action No. 09-1832, in which the Court dismissed the complaint on September 27, 2010.  Because Plaintiff's instant complaint cites the same set of facts, Plaintiff is precluded from relitigating these claims.

Plaintiff also filed a motion to vacate the Court's February 7, 2012 Order granting defendant's request for an extension of time to answer and to enter default (docket entry 12).  There is no apparent reason to vacate the February 7, 2012 Order.  The Court exercised its discretion and granted Defendant's request in light of the circumstances. Fed. R. Civ. P. 6(b)(1)(B). There is no evidence of any willful dilatory behavior on the part of Defendant, and Plaintiff has not set forth any evidence demonstrating that he is prejudiced in any way. Therefore, Plaintiff's motion to vacate the February 7, 2012 Order is denied.

Therefore, for the reason set forth above, and for good causing having been shown, it is on this 5ᵗʰ day of September, 2012;

ORDERED that Plaintiff's motion to vacate the Court's February 7, 2012 Order and to enter default (docket entry 12) is denied; and it is further

ORDERED that Defendants motion to dismiss the complaint is granted and the complaint is dismissed with prejudice; and it is further

ORDERED that the Clerk of Court shall send a copy of this order to Plaintiff at his address of record via regular U.S. Mail.

*s/Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J.

September 5, 2012